**MARYVILLE ACADEMY, et al., Plaintiffs,**

v.

**LOEB RHOADES & CO., INC., et al., Defendants,**

**and Cases Coordinated for Discovery.**

Nos. 77 C 1206, 77 C 1629, 77 C 2440, 77 C 2536, 77 C 2704, 77 C 2860, 77 C 3820, 77 C 4314, 78 C 388, 78 C 705, 78 C 843, 78 C 850, 78 C 896, 78 C 947, 78 C 994 and 78 C 2242.

United States District Court, N.D. Illinois, E.D.

May 28, 1982.

William J. Harte, Kevin M. Forde, Richard J. Prendergast, Chicago, Ill., for Thomas Origer.

Jay R. Franke, Don H. Reuben, James A. Serritella, Reuben & Proctor, Chicago, Ill., for Maryville Academy.

Robert S. Levin, Richard J. Phelan, Michael A. Pope, John M. Christian, Phelan, Pope & John, Chicago, Ill., for Hilda B. Mangel and Wendell M. Mew.

John W. Dondanville, Baker & McKenzie, Chicago, Ill., for Insurance Co. of North America.

Stephen C. Sandels, Steven H. Hoeft, McDermott, Will & Emery, Chicago, Ill., for John R. & Donna R. Powell, First Investors Discovery Fund, First Investors Fund for Growth and First Investors Trend Fund.

John M. Hadlock, Michael S. Press, Whitman & Ransom, New York City, for First Investors Discovery Fund, First Investors Fund for Growth and First Investors Trend Fund.

William E. Snyder, Thomas W. Johnston, Chadwell, Kayser, Ruggles, McGee & Hastings, Ltd., Chicago, Ill., Andrew C. Freedman, Reavis & McGrath, New York City, for Robert Wilson & Robert Wilson Associates.

Lowell B. Komie, William Levinson, Levinson, Komie & Murray, P.C., Chicago, Ill., for Arnold Heltzer.

David O. Danis, Whalen, O'Connor, Danis & Tobben, St. Louis, Mo., James P. Chapman, Chapman & Royce, Ltd., Chicago, Ill., for Thomas P. Danis.

William M. Ward, David M. Hartigan, Michael J. Hogan, Hartigan & Ward, Chicago, Ill., for Deane W. Lindstrom, Victor H.

Fink & Sheila Fink, Paul B. Smithson, Mary
C. Smithson, Susan Smithson, Paula B.
Smithson & Janet Smithson, Robert A. By-
field, Frances Piacenti, Gerald M. Aamodt,
Michael Aamodt and Ann Aamodt.

William Thomas Huyck, Gerald A. Nied-
erman, Roan & Grossman, Chicago, Ill., for
Frances V. Papas.

Nicholas J. Etten, Richard G. Schultz,
Kenneth W. Sullivan, Foran, Wiss &
Schultz, Chicago, Ill., for Richard & Peggy
Shure, Strombecker Corporation, Penta
Capital, Alan H. Shure and Myron B. Shure.

Lowell E. Sachnoff, Andrew M. Schatz,
George A. Vinyard, Steven H. Cohen, Sach-
noff, Weaver & Rubenstein, Ltd., Herbert
Beigel, Barnett & Beigel, Chicago, Ill., for
J. William Holland.

Ronald A. Lev, Lev & Sneckenberg, Chi-
cago, Ill., for Rikki's, Inc., William T. Valos.

Henry L. Pitts, John V. Ryan III, William
M. Stevens, Rooks, Pitts, Fullagar & Poust,
Chicago, Ill., for Jon Hedrich.

Edward T. Joyce, Christopher J. McElroy,
Steven J. Rotunno, John T. Doyle, Joyce &
Kubasiak, P.C., Chicago, Ill., for Frank
McNichols and Louis Singer.

Lewis S. Sandler, New York City, for
Louis Singer.

John J. Enright, Jeffrey R. Liebman, Ar-
vey, Hodes, Costello & Burman, Chicago,
Ill., for Marina Bank.

George W. Thompson, John E. McGovern,
Kendall R. Meyer, John Michael Ryan, Wil-
son & McIlvaine, Chicago, Ill., for Walter
M. Glass.

D. Daniel Barr, Larry L. Thompson, Bell,
Boyd & Lloyd, Chicago, Ill., for Thomson
McKinnon Securities.

Howard R. Koven, Steven L. Bashwiner,
H. Nicholas Berberian, Friedman & Koven,
Chicago, Ill., for Loeb Rhoades & Co., Inc.,
Loeb Rhoades & Co., First Wall Street Set-
tlement Corp., and all partners, officers and
directors unless otherwise specified.

R. Jack Bernhardt, Wilmette, Ill., Ste-
phen J. Schostok, Laser, Schostok, Kolman
& Frank, Chicago, Ill., Paul D. Keller, Jr.,
Lake Forest, Ill., Howard A. Tullman, Chi-
cago, Ill., for Victor Nemeroff.

Paul B. Uhlenhop, Lawrence, Lawrence,
Kamin & Saunders, Chicago, Ill., for Rich-
ard J. Bertoldi.

Harry F. Polos, Chicago, Ill., for A.T.
Tsoumas.

Turn-Key Enterprises, Andrew C. Papas,
A. Patrick Papas, Beef Steak Inn, John T.
Papas, pro se.

MEMORANDUM OPINION AND ORDER

GETZENDANNER, District Judge.

Plaintiffs' Committee's motion to compel
testimony by William J. Fitzpatrick raises
the question of whether disclosure of docu-
ments and giving of testimony protected by
the attorney-client privilege to the SEC in
compliance with a subpoena constitutes a
limited or a complete waiver of the privi-
lege.

I have decided to apply the holding of
*The Permian Corporation v. United States,*
665 F.2d 1214 (C.A.D.C.1981), that volun-
tary disclosure of privileged documents and
testimony to the SEC is a complete waiver
of the attorney-client privilege.

In this case the disclosures to the SEC
were voluntary in that, while the docu-
ments were produced pursuant to subpoena,
the privilege could have been asserted and
was not. The decision not to assert the
privilege and to fully disclose all attorney-
client communications involving Mr. Fitzpa-
trick was stated on the record by counsel
for Loeb Rhoades & Co. and Mr. Fitzpatrick
at the time of Mr. Fitzpatrick's testimony.*
No confidentiality was sought for the docu-
ments, despite a specific warning by the
SEC that the documents may be covered by
the Freedom of Information Act, and the
documents subsequently were turned over
by the SEC to Trustee Holland, one of the
plaintiffs in these consolidated cases. No

* Loeb Rhoades withheld one document not in-
volving Mr. Fitzpatrick on grounds of attorney- client privilege.

one was put on notice that the privilege was claimed by Loeb Rhoades until Mr. Fitzpatrick was deposed by Trustee Holland in these cases.

The cases which recognize a limited waiver based on public policy considerations of encouraging full cooperation with government agencies conducting investigations are rejected by me. They are also factually distinguishable. In this case, there were no specific documents prepared by independent outside counsel which directly related to the same issues being investigated by the SEC as in *Diversified Industries, Inc. v. Meredith,* 572 F.2d 596 (8th Cir.1978); *Byrnes v. IDS Realty Trust,* 85 F.R.D. 679 (S.D.N.Y. 1980); and *In re Grand Jury Subpoena Dated July 13, 1979,* 478 F.Supp. 368 (E.D.Wis. 1979). Here Mr. Fitzpatrick was both a corporate officer and in-house general counsel of Loeb Rhoades who was involved in the day-to-day business of Loeb Rhoades. He testified that it was difficult to separate his roles. He has already given a lengthy deposition (several thousands of pages) in these cases as a "fact witness." It is possible that other corporate officers, partners, or managerial personnel from Loeb Rhoades could have testified before the SEC with respect to the same facts to which Mr. Fitzpatrick testified without waiving any attorney-client privilege.

On the facts as I understand them, Loeb Rhoades probably could have fully cooperated and also maintained its privilege. (In any event, Loeb Rhoades chose to waive the privilege without negotiating with the SEC as to whether such waiver was necessary to what the SEC would consider "full cooperation.") That would not have been true, for example, in *Diversified* and *Byrnes* because of the nature of the investigative documents involved in those cases. Thus, the public policy consideration of encouraging cooperation with the SEC is not strong in this case.

The recent case of *Teachers Insurance and Annuity Association of America v. Shamrock,* 521 F.Supp. 638 (S.D.N.Y.1981), holds that in the SEC context there is a limited waiver provided the right to assert the privilege in subsequent proceedings is specifically reserved at the time the disclosure is made. Such a rule still would permit clients to pick and choose those to whom disclosure could be made without incurring the penalty of loss of the privilege.

I agree with the opinion in *The Permian Corporation v. United States, supra,* that "the attorney-client privilege should be available only at the traditional price: a litigant who wishes to assert confidentiality must maintain genuine confidentiality." 665 F.2d at 1222.

Accordingly, the motion to compel is granted.